MADELINE BIEN, PLAINTIFF-RESPONDENT, v. JOSEPH MEYERS AND BROWN AND WHITE CAB, INCORPORATED, DEFENDANTS-APPELLANTS.

Submitted January 30, 1931—Decided June 19, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant Joseph Meyers, *Lindabury, Depue & Faulks.*

For the appellant Brown and White Cab Company, Incorporated, *Henry H. Fryling* and *Elmer W. Romine.*

For the respondent, *Donald B. Munsick.*

PER CURIAM.

This is an appeal from a judgment of the Essex County Circuit Court. Plaintiff brought suit against Joseph Meyers and Brown and White Cab, Incorporated, and obtained judgment against both defendants. Both appeal and present their appeals in separate briefs.

Plaintiff was a passenger in a taxicab of defendant cab company on February 26th, 1929, in the evening. She was driven to 182 Shephard avenue, Newark, and the driver of the cab stopped same on the left-hand side of the street and discharged plaintiff at a driveway leading to the house. As she stood in the drive paying her fare, an automobile driven by Meyers backed out of the driveway and struck plaintiff, injuring her.

Defendant cab company argues (1) that there was no negligence shown on its part, and (2) that the trial court should have granted a nonsuit in its favor. These questions involve the same matters and can be considered together. The driver of the cab testified that the driveway was the only place he

could stop to discharge plaintiff because the rest of the space along the curb was fenced off. When he stopped he saw the car of Meyers forty feet up the drive but it was not moving. Stopping on the left side of the street was probably not sufficient evidence of negligence under the circumstances to take the case to the jury, but it was for the jury to decide whether or not the defendant's agent was negligent in discharging a passenger, to whom he owed a high degree of care, at a dangerous place such as a driveway, especially when he saw a car in the drive and did not call plaintiff's attention to it. Plaintiff testified she did not see the car until after it struck her. It was a stormy night and was raining hard. The negligence of this defendant was for the jury.

Defendant Meyers also appeals and urges (1) that there should have been a nonsuit in his favor, and (2) that the court erred in the charge. The negligence of Meyers was clearly for the jury. He backed out of the drive without looking for or seeing the taxi. It was for the jury to decide whether under the circumstances he should have seen it. The evidence was that he failed to stop before emerging onto the street. The statute requires him to do this. There is no merit in this point.

The second ground is that there was error in the following portion of the court's charge:

"A statute in force at that time provided that a person emerging from an alley, driveway or garage, shall stop such vehicle immediately prior to driving upon the sidewalk; but he did not do that."

The complaint is that this language permitted the jury to infer that mere failure to stop before crossing the sidewalk was the proximate cause of the accident. A reading of the charge does not justify this construction. The court charged upon the evidence and allegation of negligence as to Meyers and merely mentioned this as one of the elements. It was a proper matter for the jury to consider, because failure to obey the traffic law may be evidence of negligence.

The judgment will be affirmed, with costs.